```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**FREDRICK N. PATTERSON,**
                      Petitioner,

             v.                            CASE NO. 06-3238-SAC

**STATE OF KANSAS,**
**et al.,**
                      Respondents.

## MEMORANDUM AND ORDER

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed by an inmate of the Ellsworth Correctional Facility, Ellsworth, Kansas. Petitioner paid the filing fee, and the court issued a show cause order to respondents. The matter is currently before the court upon respondents' Motion to Dismiss (Doc. 12).

## CLAIMS

As ground one for his federal Petition, Mr. Patterson claims ineffective assistance of trial and appellate counsel. In support he alleges defense counsel waived the preliminary hearing without consulting him, did not prepare for trial, and "abandoned" him. He also claims that appellate counsel "failed to brief the issues." As ground two, petitioner claims he was forced to plead guilty. In support, he alleges defense counsel guaranteed he would lose at trial, and said a jury was waiting so he had to take the plea or immediately go to trial. He additionally alleges his counsel filed no pretrial motions, and told him the judge "would double his sentence" if he went to trial.

## FACTS AND PROCEDURAL HISTORY

From all the materials filed, the relevant facts appear to be as follows. Petitioner was convicted on October 23, 2000, of one count of simple robbery and one count of attempted aggravated robbery upon his pleas of guilty in the District Court of Sedgwick County, Wichita, Kansas. On December 7, 2000, he was sentenced to 122 months on the robbery count, and 32 months on the attempted aggravated robbery count, with the sentences to run concurrently.

On December 14 and 20, 2000, petitioner moved to withdraw his plea, and the Sedgwick County District Court denied his motion on January 4, 2001. On January 14, 2001, Patterson filed a "Motion to Vacate, Set Aside, and/or Correct Sentence," which was denied by the state trial court on April 2, 2001, because the same claim had been denied in its January 4, 2001 order. On January 23, 2001, petitioner filed another Motion to Withdraw Plea. It does not appear from the limited record thus far provided that Mr. Patterson directly appealed[1] his convictions or sentences, or appealed the denial of the aforementioned motions to withdraw plea after they were denied by the trial court.

On March 15, 2001, petitioner filed a motion for post-conviction relief pursuant to K.S.A. 60-1507 in Sedgwick County in his criminal case, No. 01-C-818. According to respondents, Patterson claimed in his 1507 motion that he was not guilty, his counsel was ineffective, his guilty plea was involuntary, and his confession was coerced. On June 29, 2001, the Sedgwick County

---

[1] It is well-settled that "an unconditional plea of guilty waives all non-jurisdictional defects. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). K.S.A. 22-3602(a) provides in pertinent part: "... No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or *nolo contendere*, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507 . . . ."

District Court denied Patterson's 1507 motion without a hearing. Petitioner appealed, and the Kansas Court of Appeals (KCOA) reversed and remanded in March, 2003, after ruling an evidentiary hearing was required. <u>Patterson v. State</u>, 65 P.3d 221, Appellate Case No. 88,128 (Kan.App. March 14, 2003)(unpublished).

Counsel was then appointed, and the Sedgwick County trial court held an evidentiary hearing, but again rejected Patterson's claims on September 2, 2003. Petitioner appealed to the KCOA, which this time affirmed. <u>Patterson v. State of Kansas</u>, 113 P.3d 274, 2005 WL 1429882 (Appellate Case No. 92,348)(Kan.App. June 17, 2005)(unpublished). On September 22, 2005, the Kansas Supreme Court denied a Petition for Review.

The KCOA found, in its June 17, 2005, opinion, that "the sole issue" raised by Patterson on appeal was that the trial court did not apprise him of the correct sentencing range[2]. They noted Patterson had claimed in the trial court he was coerced to enter the plea agreement because his counsel was not prepared for trial and otherwise gave poor advice. However, the KCOA also found Patterson made no argument in his appellate brief challenging the trial court's findings on these issues: that counsel was effective and Patterson was not improperly coerced. They therefore held these issues were "waived or abandoned." It thus appears from the KCOA's opinion that petitioner did not present the claims raised in this federal action to the KCOA or the Kansas Supreme Court.

---

[2] The KCOA further found Patterson had "at no time below" claimed he was informed of an incorrect maximum sentence. They concluded the issue could not be addressed for the first time on appeal, because Patterson had not alleged any exception to the general rule that issues not raised before the trial court cannot be raised on appeal.

**EXHAUSTION**

Before filing a federal habeas corpus petition, an inmate must exhaust the available state court remedies. See 28 U.S.C. § 2254(b)(1); Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994)(A state prisoner is ordinarily not able to obtain federal habeas corpus relief unless it appears he has exhausted the remedies available in the courts of the State. ). To satisfy this exhaustion prerequisite, a petitioner must have first presented the issues raised in his federal habeas petition to the highest Kansas court, either by direct appeal or by the post-conviction process.

Petitioner alleged in his federal Petition in conclusory fashion that he had raised his claims in his state post-conviction motion and appeals, and that state court remedies were exhausted on all grounds raised in his Petition. The court issued a Show Cause Order to respondents, who filed a Motion to Dismiss. In their motion, respondents allege petitioner did not present the two claims raised in his federal Petition to the KCOA or the Kansas Supreme Court. As noted, their allegations are supported by the June 17, 2005, opinion of the KCOA attached to their motion. Petitioner has not responded to the Motion to Dismiss, and thus has not refuted respondents' allegations. Unless Mr. Patterson presents facts refuting respondents' allegations that he did not pursue his ineffective assistance of defense counsel and coerced plea claims in the KCOA and the Kansas Supreme Court, this action is subject to being dismissed, without prejudice, for failure to exhaust state court remedies. Alternatively, petitioner has the burden of showing that no effective state court remedies are available to him.

4

**PROCEDURAL DEFAULT**

Respondents argue in their Motion that this Petition should be dismissed, with prejudice, because Mr. Patterson procedurally defaulted the claims in state court that he now seeks to present in federal court. Respondents point out that Mr. Patterson is generally not entitled to file a successive petition for state post-conviction relief in Kansas. See K.S.A. § 60-1507(c) ("The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."). While Kansas courts have recognized that "exceptional circumstances" might justify a successive motion, see Brooks v. State, 25 Kan.App.2d 466, 966 P.2d 686, 688 (Kan.App. 1998), they have defined exceptional circumstances quite narrowly. See id. ("Exceptional circumstances . . . are those unusual events or intervening changes in the law which prevented the movant from being aware of and raising all of his alleged trial errors in his first post-conviction proceeding, and they must be such that the ends of justice can only be served by reaching the merits of the subsequent application."). Mr. Patterson has not alleged such exceptional circumstances in response to the Motion to Dismiss. Consequently, respondents appear to correctly assert that his claims are subject to anticipatory procedural default. Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992)("If the court to which petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purpose of federal habeas review."). In such circumstances, the claims are also considered procedurally barred for purposes of federal habeas review. Id.

In addressing a question of procedural bar, the federal habeas court must first determine whether the state appellate court's decision was founded on an "independent and adequate state procedural rule." A state court finding of procedural default is "independent" if it "relies on state law, rather than federal law, as the basis for the decision." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir.), cert. denied, 514 U.S. 1115 (1995); English v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998). To be "adequate," a state rule or finding "of procedural default must be "applied evenhandedly in the vast majority of cases." Id.; see Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991), cert. denied, 502 U.S. 1110 (1992).

The procedural bar applied to Mr. Patterson's claims by the KCOA appears to have been an "adequate" state ground because the KCOA consistently declines to review abandoned or waived claims. The bar also appears to have been an "independent" ground because petitioner's failure to comply with state procedural rules was clearly "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. In any event, petitioner has not refuted respondents allegations that the state ground was adequate and independent.

As a general rule, federal habeas review of claims defaulted in state court pursuant to an independent and adequate state procedural rule is barred "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750

(1991); Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The "cause" standard requires a habeas petitioner to "show that some objective factor external" to the petitioner, not fairly attributable to him, impeded his efforts to comply with the procedural rule in question. Murray v. Carrier, 477 U.S. 478, 488 (1986); Spears v. Mullin, 343 F.3d 1215, 1255 (10th Cir. 2003), cert. denied, 541 U.S. 909 (2004). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials[3]. Id. With respect to prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). The "fundamental miscarriage of justice" exception requires a petitioner to demonstrate that he is "actually innocent" of the crimes of which he was convicted[4]. Schlup v. Delo, 513 U.S. 298 (1995); McCleskey v. Zant, 499 U.S. 467, 494 (1991); Demarest, 130 F.3d at 941 (To meet this standard, "the petitioner must supplement his habeas claim with a colorable showing of factual innocence." ).

Petitioner asserts his "appellate attorney" rendered constitutionally ineffective assistance of counsel in failing to raise his defaulted claims on appeal to the KCOA. Since Mr. Patterson did not file a direct appeal of his convictions or

---

[3] "Petitioner's status as a pro se prisoner or his assumed lack of formal legal education may not serve as cause for his failure to timely present all of his allegations." Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir. 1991).

[4] The "fundamental miscarriage of justice" exception to a procedural bar applies "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 495-96.

7

sentences, he cannot be referring to an attorney who represented him in a direct criminal appeal.  Instead, he is claiming his failure to exhaust state-level remedies was caused by his post-conviction attorney's[5] failure to raise his claims of ineffective assistance of plea-proceedings counsel and coerced plea in the Kansas appellate courts during proceedings on his 1507 motion.  He may also be implying this constitutes "cause" for his procedural default.

Even if petitioner's post-conviction attorney's alleged failures qualified as an "objective factor external to the defense," Coleman, 501 U.S. at 752, which impeded Mr. Patterson's efforts to comply with the state's procedural rule, he must also show actual prejudice.  To show actual prejudice, "[t]he habeas petitioner must show not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage. . . ."  Murray, 477 U.S. at 494.  Petitioner has alleged no such prejudice in either his Petition, or a response to the Motion to Dismiss.

Moreover, since appellate counsel is not constitutionally

---

[5] Ineffective assistance of appellate counsel may constitute "cause" for state procedural default purposes where counsel's performance falls below the minimum standard established in Strickland v. Washington, 466 U.S. 668 (1984).  See Murray, 477 U.S. at 488-489.  However, the assistance provided by appellate counsel must rise to the level of a constitutional violation.  As noted by the Tenth Circuit, "A claim of appellate ineffectiveness can be based on counsel's failure to raise a particular issue on appeal, although it is difficult to show deficient performance under those circumstances because counsel 'need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal'."  Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003), citing Smith v. Robbins, 528 U.S. 259, 285 (2000).  Furthermore, before ineffective assistance of appellate counsel can be considered "cause" to excuse the procedural default of a constitutional claim, the ineffective assistance of counsel claim itself must have been fairly presented to the state court as an independent claim.  Murray, 477 U.S. at 489; Edwards v. Carpenter, 529 U.S. 446, 451 (2000); English, 146 F.3d at 1261.  It follows that claims of ineffective assistance of appellate counsel may likewise be defaulted at the state level.  See English, 146 F.3d at 1261; Edwards, 529 U.S. at 453.

required to raise every nonfrivolous issue, see Jones v. Barnes, 463 U.S. 745, 751-54,(1983); LaFevers v. Gibson, 182 F.3d 705, 722-23 (10th Cir. 1999); petitioner's allegations that appellate counsel failed to raise claims on appeal, standing alone, are insufficient to state a claim.

In any event, petitioner's claim that he is entitled to habeas corpus relief because his post-conviction attorney was constitutionally ineffective has no legal merit. Ineffective assistance of post-conviction counsel is not itself a cognizable federal constitutional violation. 28 U.S.C. 2254(i). It follows that ineffective representation in state post-conviction proceedings is not "cause" to excuse a procedural default. Spears, 343 F.3d at 1255, citing 28 U.S.C. 2254(i); Coleman, 501 U.S. at 752-53; Smallwood v. Gibson, 191 F.3d 1257, 1269 (10th Cir. 1999), cert. denied, 531 U.S. 833 (2000).

Because respondent's Motion to Dismiss indicates petitioner procedurally defaulted his claims of coercion and ineffective assistance of plea-proceedings counsel, and because his claim of constitutionally ineffective assistance of post-conviction counsel has no legal merit, the court finds petitioner's pleadings fail to present "a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2). Mr. Patterson shall be given twenty (20) days to show cause why this action should not be dismissed for the foregoing reasons. See Smallwood, 191 F.3d at 1267, citing Coleman, 501 U.S. at 735 FN1. He must either present facts showing he did not procedurally default his claims, or allege facts indicating the procedural default should be excused.

9

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to show cause why respondents' Motion to Dismiss (Doc. 12) should not be sustained and this action should not be dismissed with prejudice for the reasons stated in Respondents' Motion to Dismiss and the foregoing Memorandum and Order.

**IT IS SO ORDERED.**

Dated this 6th day of February, 2007, at Topeka, Kansas.

                                           <u>s/Sam A. Crow</u>
                                           U. S. Senior District Judge