```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**FREDRICK N. PATTERSON,**
                            **Petitioner,**

             v.                         CASE NO. 06-3238-SAC

**STATE OF KANSAS,**
**et al.,**
                            **Respondents.**


### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. 2254, is before the court upon respondents' Motion to Dismiss (Doc. 12). On February 6, 2007, this court entered a Memorandum and Order requiring petitioner to show cause why respondents' motion should not be sustained and this action dismissed for the reasons stated in the Motion and the Memorandum and Order. Petitioner has filed an Answer to the court's show cause order (Doc. 15). Petitioner also filed a Supplemental Brief (Doc. 7) the day after the court issued its show cause order. Having considered all materials filed together with the relevant legal authorities, the court finds respondents' Motion to Dismiss should be sustained.

**FACTS AND PROCEDURAL HISTORY**

The relevant facts are found as follows. Petitioner was convicted on October 23, 2000, of one count of simple robbery and one count of attempted aggravated robbery upon his pleas of guilty in the District Court of Sedgwick County, Kansas. On December 7,

2000, he was sentenced to 122 months on the robbery count, and 32 months on the attempted aggravated robbery count, with the sentences to run concurrently.

On December 14 and 20, 2000, petitioner moved to withdraw his plea, and the Sedgwick County District Court denied relief on January 4, 2001. On January 14, 2001, Patterson filed a "Motion to Vacate, Set Aside, and/or Correct Sentence," which was denied by the state trial court on April 2, 2001, because the same claim had been denied in its January 4, 2001 order. On January 23, 2001, petitioner filed another Motion to Withdraw Plea. Mr. Patterson did not directly appeal his convictions or sentences. Nor did he appeal the trial court's denial of the aforementioned motions to withdraw plea.

On March 15, 2001, petitioner filed a motion for post-conviction relief pursuant to K.S.A. 60-1507 in Sedgwick County in his criminal case, No. 01-C-818 (hereinafter 1507 motion). Patterson confirms that he claimed in his initial 1507 motion he was not guilty, his counsel was ineffective, his guilty plea was involuntary, and his confession was coerced. On June 29, 2001, the Sedgwick County District Court denied Patterson's 1507 motion without a hearing. Petitioner appealed, and the Kansas Court of Appeals (KCOA) reversed and remanded in March, 2003, after ruling an evidentiary hearing was required. Patterson v. State, 65 P.3d 221, Appellate Case No. 88,128 (Kan.App. March 14, 2003, unpublished).

Counsel was then appointed, and the Sedgwick County trial

court held an evidentiary hearing, but again rejected Patterson's claims on September 2, 2003. Petitioner appealed to the KCOA, which this time affirmed. Patterson v. State of Kansas, 113 P.3d 274, 2005 WL 1429882 (Appellate Case No. 92,348)(Kan.App. June 17, 2005, unpublished).

The KCOA found, in its June 17, 2005, opinion, that "the sole issue" raised by Patterson on this appeal was that the trial court did not apprise him of the correct sentencing range. The KCOA further found Patterson had "at no time below" claimed he was informed of an incorrect maximum sentence. They concluded the issue could not be addressed for the first time on appeal, finding Patterson had not alleged any exception to the general rule that issues not raised before the trial court cannot be raised on appeal.

The KCOA also noted Patterson had claimed before the trial court he was coerced to enter the plea agreement because his counsel was not prepared for trial and otherwise gave poor advice. However, they found Patterson made no argument in his appellate brief challenging the trial court's findings on these issues, which were that counsel was effective and Patterson was not improperly coerced. They therefore held these issues were "waived or abandoned." On September 22, 2005, the Kansas Supreme Court denied a Petition for Review.

**CLAIMS**

3

As ground one for his federal Petition, Mr. Patterson claims ineffective assistance of trial and "appellate" counsel. In support, he alleges defense counsel waived the preliminary hearing without consulting him, did not prepare for trial, and "abandoned" him. The appellate counsel he complains about is the attorney appointed to represent him on appeal in the proceedings on his 1507 motion, whom he claims "failed to brief the issues" now argued by respondents to be procedurally defaulted.

As ground two, petitioner claims he was forced to plead guilty. In support, he alleges defense counsel guaranteed he would lose at trial, and said a jury was waiting so he had to take the plea or immediately go to trial. He additionally alleges his counsel filed no pretrial motions, and told him the judge "would double his sentence" if he went to trial.

In his Supplemental Brief, petitioner claims he should be allowed to withdraw his guilty plea because he was not accurately advised regarding the possible penalties by his defense attorney or the state district court. He also refers to a confession allegedly made while he was under the influence of cocaine, and his attorney's failure to file a motion to suppress this confession. These additional claims in petitioner's supplemental brief are more in the nature of amendments. However, the court finds these two additional issues, like the first two issues raised by Mr. Patterson, were not properly exhausted in the state courts and are now subject to anticipatory procedural default.

**DISCUSSION**

It is evident from the KCOA's opinion that petitioner did not properly present the claims raised in this federal action to the trial court, then to the KCOA, and ultimately to the Kansas Supreme Court as required by state procedural rules and the exhaustion doctrine. It further appears from respondents' Motion to Dismiss and their statement of Kansas law, that petitioner has procedurally defaulted his claims and that successive 1507 motions are not permitted.

As Mr. Patterson was informed in the show cause order, federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural fault and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Bousley v. United States, 523 U.S. 614, 622 (1998); Sawyer v. Whitley, 505 U.S. 333, 338-339 (1992); Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992)("If the court to which petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purpose of federal habeas review."); Hickman v. Spears, 160 F.3d 1269, 1271 (10th Cir. 1998). Petitioner was specifically informed that respondent's Motion to Dismiss indicates he procedurally defaulted his claims, and that his claim of constitutionally ineffective assistance of post-conviction counsel has no legal merit. He was given time to

present facts showing either that he did not procedurally default his claims, or the procedural default should be excused.

Nevertheless, petitioner in his Answer to Show Cause (Doc. 15) continues to argue only that the ineffective assistance of counsel appointed to represent him in the appeal stage of his state post-conviction proceedings caused his failure to raise the procedurally defaulted arguments, and that his Sixth Amendment right to counsel was violated as a result.  His Answer otherwise provides no facts or arguments refuting respondents' allegations of failure to properly exhaust and procedural default.  He makes no effort to show cause, prejudice, or a fundamental miscarriage of justice.

Petitioner alleges in his Answer to Show Cause that when his 1507 action reached the KCOA he was incarcerated within the KDOC and had "little to no contact" with the counsel appointed to represent him on appeal in the 1507 proceedings.  He also alleges this counsel "did not confer with him about which issues to raise or abandon" on this appeal, but instead "exclusively made the decision" and failed to raise any of petitioner's issues to the KCOA.  He finally argues he was entitled to competent counsel under the Sixth Amendment, and should not be punished for this counsel's negligence.

As the court stated in its prior Memorandum and Order, petitioner's claim that he is entitled to habeas corpus relief because the attorney appointed to represent him on appeal in 1507 proceedings was constitutionally ineffective has no legal merit.

6

Ineffective assistance of post-conviction counsel is not itself a cognizable federal constitutional violation.  28 U.S.C. 2254(i).  Although attorney error amounting to constitutionally ineffective assistance of counsel during a criminal trial or direct appeal can constitute "cause" for a procedural default, <u>see</u> <u>Coleman</u>, 501 U.S. at 754, petitioner cannot make such a showing in this case because he is not claiming that counsel during trial or direct appeal caused the procedural default of his claims[1].  He  is complaining that post-conviction counsel failed to preserve his claims.  <u>See</u> <u>Demarest v. Price</u>, 130 F.3d 922, 941 (10th Cir. 1997).  Since there is no Sixth Amendment right to counsel in post-conviction proceedings, ineffective assistance of post-conviction counsel cannot be "cause" sufficient to overcome a procedural default.  <u>Coleman</u>, 501 U.S. at 752-53; <u>Smallwood v. Gibson</u>, 191 F.3d 1257, 1267 FN4, 1269 (10th Cir. 1999), <u>cert</u>. <u>denied</u>, 531 U.S. 833 (2000)(Petitioner cannot successfully assert that his counsel was constitutionally ineffective at the post-conviction stage because

---

[1] As the court stated in its prior Memorandum and Order:

> Petitioner asserts his "appellate attorney" rendered constitutionally ineffective assistance of counsel in failing to raise his defaulted claims on appeal to the KCOA.  Since Mr. Patterson did not file a direct appeal of his convictions or sentences, he cannot be referring to an attorney who represented him in a direct criminal appeal.  Instead, he is claiming his failure to exhaust state-level remedies was caused by his post-conviction attorney's failure to raise his claims of ineffective assistance of plea-proceedings counsel and coerced plea in the Kansas appellate courts during proceedings on his 1507 motion.  He may also be implying this constitutes "cause" for his procedural default.

7

there "is no constitutional right to an attorney in state post-conviction proceedings."); Spears v. Mullin, 343 F.3d 1215, 1255 (10th Cir. 2003), cert. denied, 541 U.S. 909 (2004), *citing* 28 U.S.C. 2254(i)(Ineffective representation in state post-conviction proceedings is inadequate to excuse procedural default of claims); see also Neal v. Gramley, 99 F.3d 841, 843 (7th Cir. 1996), cert. denied, 522 U.S. 834 (1997).

The court concludes that by failing to properly present his claims in state court, petitioner incurred a procedural bar as a matter of state law and has defaulted the claims for purposes of federal habeas relief. Coleman, 501 U.S. at 731-32; Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995). The court further concludes that the procedural bars applied to Mr. Patterson's claims by the KCOA in its June 17, 2005, order were "adequate" and "independent" state grounds. Maes v. Thomas, 46 F.3d 979, 985-86 (10th Cir. 1995), cert. denied, 514 U.S. 1115 (1995). Petitioner has failed to allege facts demonstrating sufficient cause for his default and actual prejudice.[2] Coleman,

---

[2] Petitioner was informed in the court's prior Memorandum and Order that the "cause" standard requires a habeas petitioner to "show that some objective factor external" to the petitioner, not fairly attributable to him, impeded his efforts to comply with the procedural rule in question. Murray v. Carrier, 477 U.S. 478, 488 (1986); Spears v. Mullin, 343 F.3d at 1255. Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. With respect to prejudice, he was informed that a petitioner must show "'actual prejudice' resulting from the errors of which he complains." See United States v. Frady, 456 U.S. 152, 168 (1982). He was also informed of the standards for showing a fundamental miscarriage of justice.

501 U.S. at 750; Demarest, 130 F.3d at 941-42.  In addition, because petitioner has failed to provide a colorable showing of factual innocence, he cannot demonstrate that this court's refusal to review his claims will result in a fundamental miscarriage of justice.  See Hickman, 160 F.3d at 1275.  Consequently, federal habeas review of petitioner's claims defaulted in state court is barred[3].  For the foregoing reasons, the reasons stated in respondents' Motion to Dismiss, and the reasons stated in the court's Memorandum and Order of February 6, 2007, this court concludes that Mr. Patterson's claims are procedurally barred and not subject to federal habeas review.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss is sustained, this action is dismissed, and all relief is denied.

**IT IS SO ORDERED**.

Dated this 21st day of June, 2007, at Topeka, Kansas.

                                    s/Sam A. Crow
                                    U. S. Senior District Judge

---

[3] The court considered dismissing this action without prejudice based on its finding that petitioner did not properly and fully exhaust state court remedies on any of his claims.  However, dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds.  See Coleman, 501 U.S. at 735 FN 1; Demarest, 130 F.3d at 939; Smallwood, 191 F.3d at 1267.  Instead, the court must treat Mr. Patterson's claims as if they were exhausted because they would be procedurally barred.  Smallwood, 191 F.3d at 1267.